IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACKIE LEEDS,<br><br>             Plaintiff,<br><br>    v.<br><br>MATRIXX INITIATIVES, INC., and ZICAM, LLC,<br><br>             Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:10cv199DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff Jackie Leeds' Motion to Consolidate. Plaintiff seeks to consolidate into this action another case now assigned to Judge Campbell, *Lundgren v. Matrixx Initiatives, Inc., et al.,* Civil No. 1:10CV128TC. The court concludes that a hearing would not significantly aid the court in its determination of the motion. Accordingly, the court issues the following Memorandum Decisions and Order based on the memoranda and exhibits submitted by the parties and the law and facts relevant to the motion.

BACKGROUND

The cases sought to be consolidated were both filed in this district and then transferred by the United States Judicial Panel on Multi-District Litigation to the United States District Court for the District of Arizona for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Action"). The MDL Action, entitled *In re: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2096, was assigned to the Honorable Frederick J. Martone.

Judge Martone coordinated and resolved all pretrial discovery of common issues. The

Plaintiffs' steering committee developed expert testimony regarding liability and general causation. Defendants then filed a *Daubert* motion seeking to exclude all four of Plaintiffs' experts. Judge Martone ruled regarding the parameters of the experts' testimony on general causation issues. Defendants then filed a motion for summary judgment on the issue of general causation. Judge Martone concluded that a triable issue of material fact precluded summary judgment on the issue of general causation. *In re: Zican Cold Remedy*, 797 F. Supp. 2d 940, 949 (D. Ariz. 2011).

The parties in the MDL Action conducted limited case-specific written discovery as to each plaintiff. A majority of the cases in the MDL Action settled. However, the two cases Plaintiff seeks to consolidate did not. On September 9, 2011, those cases were transferred back to their courts of original jurisdiction for purposes of conducting and completing all case-specific discovery, motions, and trial. The MDL Action did not address issues of specific individual causation, including warnings, damages, or affirmative defenses, such as misuse.

## DISCUSSION

Plaintiffs seek to consolidate the cases for the remaining pretrial matters and trial. Federal Rule of Civil Procedure 42(a) authorizes the consolidation of cases "involving a common question of law or fact." Fed. R. Civ. P. 42(a). In such cases, the court may "(1) join for . . . trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *Id.* "[T]he party seeking consolidation has the burden of establishing consolidation is proper under Rule 42(a)." *Phillip M. Adams & Assocs., LLC v. Dell Inc.*, 1:05CV64TS, 2008 WL 203316, at *2 (D. Utah Jan. 23, 2008).

The court must address two issues in determining whether to consolidate actions. *Seguro de Servicio de Salud v. McAuto Sys. Group*, 878 F.2d 5, 8 (1st Cir. 1989). First, the court must

determine whether the cases involve common parties and common issues of law or fact. *Id.* If common parties and issues exist, the court must then weigh the costs versus the benefits of consolidation. *Id.*

Under the local rules of this District, DUCivR 42-1, consolidation is appropriate where "cases arise from substantially the same transaction or event; involve substantially the same parties . . . : call for determination of substantially the same questions of law or . . . would entail substantial duplication of labor or unnecessary court sots or delay if heard by different judges." D.U. Civ. R. 42-1. The court's rule is consistent with courts finding that consolidation is not justified "simply because the actions *include* a common question of fact or law." *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 461 (E.D. Mich. 1985) (emphasis in original). If cases involve some common issues but the individual issues predominate, consolidation should be denied. *Id.*

Plaintiff argues that both cases involve the same defendants and that, in the MDL Action, the parties and court developed common legal and factual issues. Plaintiff also points out that the cases are at the same stage of litigation, having been transferred back from the MDL Action at the same time. Defendants oppose consolidation, arguing that the MDL Action addressed the common legal issues and that individual issues now predominate over common issues. Defendants also contend that any judicial economy gained through consolidation is outweighed by potential prejudice causes by evidence relating to only one plaintiff and jury confusion.

The Ninth Circuit has recognized that "[i]n product liability actions individual issues may outnumber common issues. No single happening or accident occurs to cause similar types of physical harm. . . . No one set of operative facts establishes liability. No single proximate cause applies equally to each potential class member and each defendant. Furthermore, the alleged

tortfeasors affirmative defenses . . . may depend on facts peculiar to each plaintiff's case." *In re Northern Dist. of Cal., Dalkon Shield*, 693 F.2d 847, 853 (9th Cir. 1982).

In *Hasman*, the court declined to consolidate three cases against one manufacturer of intrauterine devices. 106 F.R.D. at 460. The court recognized that specific causation is individualized and turns on the medical histories and unique circumstances of each Plaintiff, such as their manner of using the product. *Id.* Moreover, the court noted that each Plaintiff would have individualized evidence regarding the nature and extent of injuries. *Id.* at 461. The court concluded that consolidating the three cases would make the trial "confusing, unmanageable, and perhaps inequitable," and that "[t]he desire for judicial efficiency would not be served, since the unique details of each case would still need to be presented to the jury." *Id.* at 460.

In *In re Consolidated Parlodel Litigation*, the court found that the plaintiffs met their threshold burden of demonstrating some common issues of fact, but concluded that consolidation was inappropriate because, as in many products liability cases, "individual issues predominate[d]." 182 F.R.D. at 444. The court noted that each plaintiff had diverse medical histories and that consolidating the cases "would compress critical evidence of specific causation and marketing to a level which would deprive [the defendant] of a fair opportunity to defend itself." *Id.* at 447.

While there are common issues relating to general causation in this case, which the MDL Action addressed, it did not attempt to address the individualized issues. Those issues were remanded back to their original courts for discovery and trial. The specific causation issues and evidence of damages remaining for each plaintiff require weigh against consolidation. Trial will

require each plaintiff's medical and family histories and treatment to be explored through various witnesses and evidence.  There are also issues regarding each Plaintiff's use of the Zicam product, such as potential misuse and knowledge of warnings.  The evidence relating to these issues may differ as to each Plaintiff and make the analysis and instructions to the jury complicated.   The written discovery conducted to date already identifies differences in each Plaintiff's ability to identify their manner of use and their reactions to the products.  These differences also raise concerns for potential prejudice in defending against various allegations.

As the court noted in *Hasman*, if the unique details of each case were consolidated during a single trial, "the jury's verdict might not be based on the merits of the individual cases but could potentially be a product of cumulative confusion and prejudice." 106 F.R.D. at 461.  One Plaintiff's "claims might be prejudiced by the evidence presented on behalf of the other plaintiffs, since they would be permitted to hear allegations of defects and adverse reactions not relevant to the particular plaintiff's case." *Id.*  This court has similar concerns with trying the cases together in a single trial.  Plaintiffs contend that the court could alleviate the potential prejudice through jury instructions.  However, the court does not believe cautionary jury instructions would be adequate.

Accordingly, while there are common issues between the cases, the court concludes that there are significant case-specific issues with respect to specific causation and damages that weigh against a finding that consolidation would promote judicial economy.  In addition, the potential for prejudice to Defendants and jury confusion outweigh any slight judicial economy that may be gained through consolidation.  The court, therefore, concludes that Plaintiff has not met her burden of demonstrating that consolidation is proper under Rule 42(a).  Accordingly, the

court denies Plaintiff's Motion to Consolidate.

## CONCLUSION

Based on the above reasoning, Plaintiff's Motion to Consolidate is DENIED.

DATED this 2d day of April, 2012.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge